WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy Scott Leatherby, | No. CV-18-02704-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| California Department of Child Support Services, | |
| Defendant. | |

On September 17, 2018 Plaintiff Timothy Scott Leatherby filed a Request for Emergency Restraining Order and Injunction. (Doc. 14) Plaintiff requests that the Court: (1) enjoin Defendant California Department of Child Support Services from garnishing the Plaintiff's supplemental security income; (2) enter an order instructing the Plaintiff's bank, Navy Federal Credit Union, to unfreeze the Plaintiff's bank account; (3) award the Plaintiff monetary damages for a minimum amount of $170,000; and (4) grant the Plaintiff additional relief in the form of attorneys' fees and punitive damages. (Doc. 14 at 9)

A party seeking injunctive relief under Rule 65 of the Federal Rules of Civil Procedure must show that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest.[1] *Winter v. Natural Resources Defense*

---
[1] The Ninth Circuit observes a "sliding scale" approach, in that these elements "are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Thus, by example, an injunction can issue where there are "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff… so long as the

*Council, Inc.*, 555 U.S. 7, 20 (2008); *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014); *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105–06 (9th Cir. 2012); *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Where the movant seeks a mandatory injunction, rather than prohibitory, injunctive relief is "subject to a heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party." *Dahl v. HEM Pharms. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).[2]

Unlike a preliminary injunction, *see* Fed. R. Civ. P. 65(a), a temporary restraining order ("TRO") may be entered "without written or oral notice to the adverse party," Fed. R. Civ. P. 65(b). A TRO may issue, *ex parte*, only where there are: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Here, Plaintiff has not met his burden to demonstrate that he is entitled to immediate, temporary injunctive relief. He does not present any reason why an emergency order should issue without providing the parties subject to it an opportunity to respond. The Plaintiff argues that he is likely to suffer irreparable harm in the absence of temporary and preliminary injunctive relief due to his inability to pay his immediate bills, but the Plaintiff offers no explanation for why immediate relief is necessary when the garnishment of his supplemental security income has continued to take place over the course of approximately twelve years. (Doc. 14 at 3, 8) The Plaintiff does not demonstrate that the harm alleged is

---

plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

[2] "A mandatory injunction orders a responsible party to take action," while "a prohibitory injunction prohibits a party from taking action and preserves the status quo pending a determination of the action on the merits." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (internal quotation marks omitted). "The 'status quo' refers to the legally relevant relationship between the parties before the controversy arose." *Arizona Dream Act Coalition v. Brewer*, 757 F.3d 1053, 1060–61 (9th Cir. 2014).

real, imminent, and significant, rather than merely speculative, or that he would otherwise sustain some intangible injury that cannot be redressed or adequately compensated by money damages. *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1139 (9th Cir. 2009) ("consequences must not be too remote, insubstantial, or speculative and must be supported by evidence"); *Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 472 (9th Cir. 1984) ("[s]peculative injury does not constitute irreparable injury"); *Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) ("economic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award."); *Stanley v. Univ. of Calif.*, 13 F.3d 1313, 1320–21 (9th Cir. 1994). Finally, the Plaintiff fails to demonstrate that an injunction is in the public interest. Among other things, the Plaintiff has failed to demonstrate how the public has an interest in the federal courts interfering with domestic relations matters such as state-court orders related to child support payments. Accordingly,

**IT IS ORDERED** that the Request for Emergency Restraining Order and Injunction (Doc. 14) is **denied**.

Dated this 19th day of September, 2018.

Honorable Steven P. Logan
United States District Judge

3